UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINH HOANG PHAM, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, *et al.*, <br><br> Respondents. | Case No. C25-1835-BHS-SKV <br><br> ORDER DENYING PETITIONER'S MOTION TO EXPEDITE |

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Vinh Hoang Pham is currently being detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. *See* Dkt. 1. Petitioner submitted his petition for writ of habeas corpus to the Court for filing on September 22, 2025, together with a request for appointment of counsel. Dkts. 1, 2. Petitioner, a citizen of Vietnam, asserts in his petition that his removal to Vietnam is not reasonably foreseeable, and thus, his continued detention is in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Dkt. 1 at 3, 13-14.

On October 2, 2025, the Court issued an Order granting Petitioner's request for appointment of counsel (Dkt. 5) and an Order directing Respondents to file a response to

ORDER DENYING PETITIONER'S
MOTION TO EXPEDITE - 1

Petitioner's petition within thirty days (Dkt. 6). On October 9, 2025, Petitioner filed a motion to expedite review of this case in which he requests that the Court establish an expedited briefing schedule which calls for a return within seven days, a response five days thereafter, and a reply within three days of the filing of the response. Dkt. 7. Petitioner also requests that the Court specify Respondents may not file a separate motion to dismiss, and that, should the Court "assign" the case to a magistrate judge, the period for objections to the magistrate judge's Report and Recommendation be shortened considerably from the objection period provided for in 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P 72(b)(2). *See* Dkt. 7 at 5. Petitioner argues that the typical habeas timelines and procedures employed in this district, which result in at least a three-month delay before a district judge first considers the petition, conflict with the procedures required by 28 U.S.C. § 2243 and do not provide the expeditious remedy intended by Congress. *Id.* at 2-4.

Though it is true this Court's standard service order in § 2241 actions establishes briefing deadlines that exceed the strict time limits prescribed by § 2243, courts nonetheless have discretion in setting the briefing schedule for a § 2241 petition. *Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985). Aside from an understandable desire to have his petition resolved as expeditiously as possible, Petitioner has not identified in his motion any factors specific to his case which would warrant deviation from the Court's standard practice.

Accordingly, the Court hereby ORDERS as follows:

(1)   Petitioner's motion to expedite (Dkt. 7) is DENIED.

//

//

//

ORDER DENYING PETITIONER'S
MOTION TO EXPEDITE - 2

    (2)    The Clerk shall send copies of this Order to all counsel of record and to the Honorable Benjamin H. Settle.

DATED this 24th day of October, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION TO EXPEDITE - 3