UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINH HOANG PHAM,<br><br>    Petitioner,<br><br>    v.<br><br>PAMELA BONDI et al.,<br><br>    Respondents. | CASE NO. 2:25-cv-01835-JHC<br><br>ORDER |

# I

## INTRODUCTION

THIS MATTER comes before the Court on Petitioner Vinh Hoang Pham's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Injunctive Relief. Dkt. # 1. The Court has considered the materials filed in support of and in opposition to the petition, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS the Petition.

# II

## BACKGROUND

Petitioner came to the United States in 1983. Dkt. # 1 at 5. He was first ordered removed to Vietnam in 1996. Dkt. # 12 at 5. Petitioner sought relief after a change in law, but was

ORDER - 1

ordered removed again in 2002. *Id*. Petitioner was convicted of a gun crime in 2008, served time in prison, and was released in 2009. *Id.* On the day of his release, Immigration and Customs Enforcement (ICE) arrested Petitioner and released him under an Order of Supervision. *Id*. Petitioner says he continued to check in with ICE since then. Dkt. # 1 at 5.

On August 18, 2025, ICE again arrested Petitioner, *id.* at 3, and on September 15, 2025, requested the necessary travel document from the government of Vietnam, through which ICE may remove Petitioner to that country. Dkt. # 12 at 5–6. Petitioner alleges that the Government might also seek to remove him to a third country, Dkt. # 1 at 3, though Respondents dispute this and say they only seek his removal to Vietnam. Dkt. # 12 at 6.

Petitioner then filed this Petition, naming several law enforcement officials and agency heads as Respondents.

### III
#### DISCUSSION

"A noncitizen who is being detained may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 if that person believes their detention violates the Constitution or other federal law." *Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 921 (D. Alaska 2025) (citing *Zadvydas*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.")). Petitioner is detained under the color of the Immigration and Nationality Act (INA). While, generally, those seeking habeas writs must exhaust their administrative remedies, Petitioner argues that he need not do so since he challenges only his custody and not the removal order. Dkt. # 1 at 4. Respondents do not respond to this argument, and accordingly, the Court considers this issue conceded.

The INA does not permit "indefinite, perhaps permanent, detention," and "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. A six-month period of detention is "presumptively reasonable." *Id*. at 701. "*Zadvydas* places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (citing *Zadvydas*, 533 U.S. at 701). The Government "must then introduce evidence to refute that assertion." *Id*.

Here, Petitioner has met his burden to show that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Petitioner may meet this initial burden by showing "that the presumptively reasonable six-month period has expired. *See Nguyen v. Scott*, __ F. Supp. 3d __, 2025 WL 2419288, at *13 (W.D. Wash. Aug. 21, 2025). Petitioner has done so, because, contrary to Respondents' position, the six-month period for presumptively reasonable detention does not restart following each episode of detention. *See id.* (collecting authority). Petitioner's periods of detention following the entry of his most recent removal order amount to longer than six months.

Respondents' evidence does not refute Petitioner's initial showing. They suggest that Vietnam will issue a travel document within 30 days and that thus Petitioner's removal is imminently foreseeable. Dkt. # 12 at 5–6. But Petitioner has adduced evidence that Vietnam has not in the last six months issued necessary travel documents within 30 days. *See* Dkt. # 15 at 4–5. And Vietnam has apparently not yet issued the necessary travel documents, 53 days after the Government requested it on September 15, 2025. *See* Dkt. # 12 at 5. Thus, Petitioner's removal is not significantly likely in the reasonably foreseeable future.

Petitioner has thus shown that his continued detention is contrary to the INA.

ORDER - 3

## IV
### CONCLUSION

For the reasons above, the Court GRANTS Petition, Dkt. # 1, and finding the Petitioner is entitled to immediate release from custody, a Writ shall issue. The Court DIRECTS Petitioner to file as soon as possible a proposed Writ of Habeas Corpus and to email a Word version to ChunOrders@wawd.uscourts.gov.

Dated this 7th day of November, 2025.

John H. Chun
United States District Judge